UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE,<br>　　　　　Plaintiff,<br><br>-v-<br><br>MICHIGAN STATE UNIVERSITY, ET AL.,<br>　　　　　Defendants. | No. 1:19-cv-226<br><br>Hon. Paul L. Maloney |

## ORDER

This matter is before the Court on Plaintiff John Doe's motion for a temporary restraining order to immediately reinstate him to the Michigan State University College of Human Medicine as a student in good standing. He asserts that the Defendants—MSU and various employees of the University—violated his constitutional right to procedural due process by failing to offer him, as a student accused of sexual misconduct, an in-person hearing with an opportunity to cross-examine his accusers. However, Plaintiff has not complied with the procedural requirements necessary for the issuance of a temporary restraining order. Thus, the motion will be denied.

### I.

Plaintiff John Doe is a student in Michigan State University's College of Human Medicine. At a university-sponsored event on April 23, 2016, he allegedly engaged in sexual contact with Jane Roe 1 while she was in an incapacitated state. Later the same night or into the next morning, John Doe allegedly engaged in sexual contact with Jane Roe 2 without her consent.

Jane Roes 1 & 2 reported the alleged misconduct in February of 2018 to MSU's Office for Institutional Equity, and MSU hired Kroll Investigations to determine whether John Doe had violated the University's Relationship Violence and Sexual Misconduct Policy. Kroll investigated the allegations by conducting interviews with John Doe, Jane Roe 1 & 2, and several witnesses named by Jane Roe 1 & 2. None of the witnesses saw either act of alleged misconduct, so the credibility of John Doe and Jane Roe 1 & 2 was a significant factor in the investigation.

On February 8, 2019, Kroll finished its investigation and issued a Final Investigative Report, which explained how Kroll concluded that a preponderance of the evidence supported its findings that John Doe had violated the university policy in each case. Four days later, the College of Human Medicine issue an interim suspension to John Doe as a result of the Final Investigative Report. Two days later, MSU held a hearing to address the imposition of the interim suspension—but not to litigate any of the underlying facts contained in the Final Investigative Report. The hearing panelists upheld the interim suspension. About a week later, the MSU's Dean of Students Office notified John Doe that it was recommending that he be dismissed.

John Doe appealed the findings and sanction issued by MSU. The appeal was placed on hold as MSU investigated whether John Doe should have been offered a hearing, rather than proceeding solely on Kroll's findings. Shortly thereafter, John Doe requested that MSU lift the interim suspension and offer him a disciplinary hearing, but MSU allegedly responded that even if a hearing was offered, the interim suspension would not be lifted.

On March 13, 2019, MSU, through OIE, offered John Doe a hearing upon his request, and he formally did so on March 20, 2019. Doe also requested again that the interim suspension be lifted and Kroll's findings be withdrawn. MSU has not acted on Doe's request.

John Doe asserts that if the interim suspension is not immediately lifted, he will be unable to take certain exams this summer, and ultimately, the consequence of the interim suspension will be to delay his graduation from the College of Human Medicine by up to two years.

## II.

The decision to grant or deny a temporary restraining order falls within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

Doe has not met either criteria. He has not submitted a sworn statement or affidavit establishing the specific facts alleged, nor has he filed a verified complaint. Similarly, he has not explained why notice should not be required. To the contrary, the Court has some doubt that a temporary restraining order could alleviate the harm Plaintiff seeks to avoid. Given that the interim suspension issued against Doe six weeks ago, meaning he could no longer

attend classes or participate in his clinical studies, an order issued today is unlikely to remedy the harm Plaintiff seeks to avoid: Falling behind in his clinical rotations and failing to qualify for certain exams to take place this summer. In sum, the procedural defects contained in Plaintiff's motion are sufficient to deny the motion for a temporary restraining order.

### III.

For the reasons just explained, Plaintiff's motion for a temporary restraining order is (ECF No. 7) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Defendants shall file a response to Plaintiff's motion for a preliminary injunction not later than April 5, 2019 at 12:00 P.M.

**IT IS FURTHER ORDERED THAT** the parties shall appear before the Court for a hearing on the motion for a preliminary injunction **on April 11, 2019 at 1:30 P.M. at 107 Federal Building, 410 W. Michigan Avenue, Kalamazoo, Michigan, 49007.**

Date: March 27, 2019                    /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge